TRIMBLE v. TUCKER.  (No. 339.)

(Court of Civil Appeals of Texas. El Paso. July 2, 1914.)

1. APPEAL AND ERROR (§ 934*) — QUESTIONS REVIEWABLE—PRESUMPTIONS.

The presumption is in favor of the regularity of the judgment appealed from, and where the court on appeal cannot determine whether the party complaining is entitled to a credit, or, if entitled thereto, whether he has not received a credit, the judgment will not be disturbed on the theory of a disallowance of the credit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

2. SALES (§ 233*) — RIGHTS OF ORIGINAL AND SUBSEQUENT BUYER FROM SAME SELLER.

Where, in an action by the original buyer of an automobile against a subsequent buyer from the same seller, who had remained in possession after the first sale, there was no evidence that the original buyer's title was questioned in a suit in which he was not a party, or that he was liable to the subsequent buyer for any money he might pay in settlement of the action, evidence of payment by the subsequent buyer was inadmissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 653–656; Dec. Dig. § 233.*]

3. APPEAL AND ERROR (§ 171*) — QUESTIONS REVIEWABLE — THEORY OF CASE IN TRIAL COURT.

Where the pleadings in an action for the title and possession of goods showed that the parties were adverse claimants, and the jury found that plaintiff was the sole owner, subject to the payment of a part of the purchase price, refusal to charge that the parties were tenants in common, and that one tenant in common could not sue his cotenant for any rent of the common property, was not erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by W. W. Tucker against E. G. Trimble. From a judgment for plaintiff, defendant appeals. Affirmed.

Harris & Harris, of Houston, for appellant. Heidingsfelders, of Houston, for appellee.

HARPER, C. J. Appellee, Tucker, brought this suit against E. G. Trimble, appellant, to recover the title and possession of an automobile. Judgment for plaintiff for automobile and $75 damages.

From the statement in appellant's brief, we glean the facts pleaded to be as follows (appellee having failed to file brief under rules 40 and 41 [142 S. W. xiv] appellant's statement is considered acquiesced in): The appellee purchased the automobile in question from B. P. Bagby, September 14, 1911, for a consideration of $500, $275 cash, leaving $225 due. September 25, 1911, Bagby, being in possession of the machine, sold it to Trimble (appellant) for $450 cash, and executed bill of sale in writing with general warranty clause. On October 6, 1911, appellee having found Trimble in possession of it, after demand, filed this suit, alleging the facts as above stated as to the terms of his purchase, and offered to pay the balance due $225 to whomsoever the court might hold to be entitled to it, and prayed for title and possession of the automobile, and further prayed for its reasonable rental value during the time he should be deprived of its use. The defendant answered: (a) That Tucker authorized Bagby to sell the automobile, and that he had purchased the car in good faith, without notice, for a valuable consideration, to wit, $450 cash; (b) that at the time Trimble purchased the machine there was a lien on it in favor of one Manning for $100, which he paid off and was thereby subrogated to the rights of Manning; (c) that at the time Trimble purchased the machine there was a suit pending in Harris county (McClellan v. Bagby), involving the title to the machine, which defendant Trimble settled by paying $75, and that this constitutes a prior lien to any claim by Tucker; (d) that at the time Trimble purchased the machine Tucker still owed Bagby $225, which is now properly due to defendant Trimble.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] Appellant's first assignment charges that the court erred in refusing the following special charge:

"If you believe from the evidence that B. P. Bagby never was authorized by the plaintiff, W. W. Tucker, to sell said automobile, which is the subject-matter of this suit, but if you also believe. from the evidence that at the time defendant Trimble purchased said automobile from Bagby there was an outstanding lien on said automobile in favor of W. S. Manning for a balance due the said Manning of $100, and if you further believe from the evidence that defendant Trimble paid to the said Manning on account of said lien $100, then you are instructed that if you find for plaintiff, Tucker, as to the title of the auto, you should at the same time find for defendant, Trimble, to the extent of $100 paid by him to Manning and for a foreclosure of the lien on said automobile."

The entire statement, copied from brief is as follows:

"In the main charge given by the court, this issue was disposed of, as follows: 'If you find the plaintiff is entitled to recover the title and possession of said automobile, you will then inquire whether or not you believe from the evidence that the plaintiff at any time prior to the 14th day of December, 1911, offered to pay to the defendant the balance due by him to Bagby on the car *less the $100 lien to Manning*.' The Manning mortgage is fully. set out in the statement of facts (pages 13 and 14), and defendant, Trimble, testified that he sent the sum of money due Mr. Manning and obtained said chattel mortgage as evidence of said payment, and the chattel mortgage is dated July 1, 1911, or two months before plaintiff Tucker acquired any interest in the automobile."

The portion of the court's charge in the above statements, as presented, is scarcely intelligible, but if it conveys any meaning, it is that the question as to whether or not there was a valid and' subsisting lien on the machine in favor of Manning was submitted to the jury. And there is nothing in this statement, nor upon the pages of the statement of facts referred to therein, to show that the verdict of the jury and judgment of the court as entered did not give defendant proper credit for any money paid. In fact the statement does not clearly show that the mortgage was a valid, subsisting lien upon the machine when the money was paid to Manning by defendant. Of course, if it was not, then defendant acquired no lien or right of action against Tucker by paying money to Manning. The object of a brief is to show the appellate court wherein the appellant's rights have not been properly adjudicated by the trial court, for the presumption is always in favor of the regularity of the judgment as entered, and from the statement above quoted, this court cannot determine whether the defendant was entitled to a credit of $100 paid for the mortgage, nor if he was entitled to it, whether or not he in fact did not receive the credit in the verdict of the jury and judgment of the court rendered thereon. The assignment is therefore overruled.

[2] In his second assignment he charges that the court erred in refusing special charge as follows:

"If you find from the evidence that plaintiff Tucker did not authorize Bagby to sell the auto-

mobile, which is the subject-matter of this suit,. but if you do believe from the evidence that at the time defendant Trimble bought said automobile from Bagby, there was a pending suit in. Harris county, Tex., involving the title to said automobile, and that to settle this suit defendant Trimble paid over the sum of $75, then if you find the title to the automobile to be in plaintiff, Tucker, you will also find against plaintiff, Tucker, and in favor of the defendant, Trimble,. for the seventy-five dollars."

And then in the same assignment, he presents, grouped therewith, the sixth as follows:

"The court erred in excluding the evidence of defendant, Trimble, to the fact that he paid $75 in settlement of a pending lawsuit, entitled Mc-Clellan v. Bagby, involving the title to the automobile in question in this suit."

The questions and answers excluded as shown by bill of exceptions are as follows:

"Seventh Int. (a) Please state whether or not at the time you purchased said automobile, on or about the 25th day of September, 1911, there was a pending lawsuit, entitled McClellan v. Bagby, in Harris county, Tex., involving the title to said automobile; and (b) if you say there was a pending lawsuit, then please state what amount of cash, if any, you paid out to clear the title to said auto in connection with said suit; and (c) please state to whom you paid the money on account of said lawsuit; and if you have the original receipt given you by Mr. Quebadaux, kindly attach said original receipt to your deposition, and have the notary public identify same with his initials."

To which the answer was as follows:

"Seventh Int. (a) Yes. (b) Seventy-five dollars. (c) Deposited the amount with Quebadaux by agreement with Mr. Bagby, receipt for which is attached hereto (Exhibit C), and in connection with said answer defendant Trimble offered the original receipt."

By reference to defendant's (appellant's) statement of his pleading, it will be noted that he nowhere alleges that Tucker's title to the automobile was questioned in the suit mentioned, or that he was in any way liable to defendant Trimble, for moneys he might pay or deposit in settlement of a lawsuit between other parties to. which he was in no way a party, and the evidence offered does not tend to prove that such was a fact; it was therefore not relevant to any issue in the case.

[3] The third assignment is:

"The court erred in refusing to instruct the jury that as a matter of law the pleading of both parties show that they are tenants in common in the automobile which is the subject-matter of this suit, and that one tenant in common cannot maintain a suit against his cotenant for any part of the rents of the common property."

The answer is that the allegations in the pleadings are that they are adverse claimants, and the jury has found that Tucker is the sole owner, subject to payment of balance of the purchase money.

For the reasons given the assignments are overruled and the judgment of the trial court affirmed.

HIGGINS, J. (concurring). I am of opinion that appellant's special charge, the refusal of which is made the basis of the first as-

signment, was a proper one, and should have been given, but the error in its refusal is harmless, since the jury's verdict discloses that in the assessment of damages for the unlawful detention of the car, credit was given for all items to which appellant was possibly entitled. If it should be conceded that the second and sixth assignments present abstract error, which, as Judge HARPER holds, is not the case, nevertheless for like reason, the error is harmless. I concur in the affirmance of the case.